IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KENNETH CARTER,**

    **Plaintiff,**

v.                                              Case No.: 3:14-cv-25636

**WESTERN REGIONAL JAIL; and
CORRECTIONAL OFFICERS JOHN DOES,**

    **Defendants.**

## MEMORANDUM OPINION AND
## ORDER OF FIRST DISCOVERY STATUS CONFERENCE

On October 16, 2014, the Court held an initial status conference in the above-styled civil action. Plaintiff appeared via teleconference from the Mount Olive Correctional Complex, and Defendant Western Regional Jail appeared by counsel, Tim J. Yianne. After hearing from Plaintiff and counsel for Defendant, the Court **ORDERS** as follows:

    1.    Plaintiff's Motion for the Appointment of Counsel, (ECF No. 2 at 5), is **DENIED,** without prejudice**.** Although the Court may, in its discretion, request an attorney to represent Plaintiff in this § 1983 action, he has no constitutional right to counsel. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). The United States Court of Appeals for the Fourth Circuit has made it clear that the appointment of counsel in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). Whether

1

sufficiently remarkable circumstances exist to justify *pro bono* representation depends on the complexity of the claims and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686 F.2d 264, 266. ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)). Here, Plaintiff fails to present evidence or argument supporting the conclusion that his case meets the high threshold necessary for the appointment of counsel. To the contrary, Plaintiff offers no rationale supporting the assignment of *pro bono* counsel. The Court has examined the record and finds that the claims asserted by Plaintiff are simple, and he is quite capable of presenting them. Therefore, the circumstances do not justify the appointment of counsel at this time.

2. Plaintiff's oral motion to amend the complaint is **GRANTED**. The following individuals shall be added as named Defendants: Correctional Officer Lambert and Correctional Officer Berlin. The Clerk of Court is **ORDERED** to prepare a summons and copies of the complaint and this Order for Correctional Officer Gary Lambert and Correctional Officer Matthew Berlin, and the United States Marshals Service is **ORDERED** to effect service of process on each named Defendant. Pursuant to Federal Rule of Civil Procedure 4(e) and 4(h) and West Virginia Rule of Civil Procedure 4(d), the Marshals Service may elect to effect service by mailing the summons and complaint to each defendant by certified mail, return receipt requested, and delivery restricted to the addressee. Defendant Western Regional Jail is **ORDERED** to provide the Clerk with the most recent addresses of the named Defendants upon the Clerk's request.

3. To begin the discovery process, the parties are **ORDERED** to do the following:

   a. On or before **November 14, 2014,** Plaintiff shall file with the Clerk a list containing the names of all witnesses/participants to the alleged assault of Plaintiff at the Western Regional Jail and all witnesses who otherwise have relevant information related to Plaintiff's claims and damages. To the extent that Plaintiff does not know the name of a witness, Plaintiff, to the best of his ability, shall provide a description of the witness. Plaintiff shall also include a short description of the information he believes each listed witness can provide.

   b. On or before **November 14, 2014**, Plaintiff shall file with the Clerk a list of his medical and out-of-pocket expenses incurred as a result of the alleged assaults. Plaintiff shall also describe his claimed injuries.

   c. Upon receipt of a medical records release form from Mr. Yianne, Plaintiff shall sign the release form and return it to Mr. Yianne. Counsel shall provide Plaintiff with copies of all medical records obtained through the use of the medical records release.

   d. On or before **October 31, 2014**, Defendant Western Regional Jail shall serve Plaintiff with a list of the correctional officers on duty on October 17, 2012 and with copies of their photographs, if available, to assist Plaintiff in identifying his other alleged attackers.

   e. Defendant shall **immediately** secure and retain copies of any and all documents, including videotapes, relevant to (1) the alleged assault on Plaintiff on October 17, 2012; (2) any subsequent investigation of the

assault; (3) an investigation of any of the Defendants related to their actions or performance at the Western Regional Jail; (4) disciplinary proceedings or matters involving any of the Defendants; (5) Plaintiff's inmate file including grievance forms and responses; and (6) institutional policies and procedures regarding the use of force by correctional officers at the Western Regional Jail.

f.  On or before **November 14, 2014,** Defendant shall produce the following materials to Plaintiff: any and all documents, including videotapes, pertaining to (1) the alleged assault of Plaintiff at the Western Regional Jail; (2) any subsequent investigation of the assault; (3) disciplinary proceedings or matters involving Defendants Lambert and Berlin as a result of Plaintiff's alleged assault or other inmate assaults; (4) Plaintiff's inmate file from the Western Regional Jail and the Tygart Valley Regional Jail, including grievance forms and responses, and any other documents involving Plaintiff, or between Plaintiff and Correctional Facility Authority Personnel; and (5) photographs of Plaintiff taken before, during, or after the assault. To the extent that Defendant withholds relevant information under a claim of privilege or other protection, Defendant shall provide, contemporaneously with the document production, a privilege log that fully complies with the Federal Rules of Civil Procedure. Counsel for Defendants has agreed to tender an Agreed Protective Order to the Court for entry. Plaintiff granted defense counsel permission to sign the Order on Plaintiff's behalf. All documents marked confidential, and all of Plaintiff's medical records, shall be subject to the

protective order. **All future parties to this litigation shall be bound by the terms and conditions of the protective order.**

The Court shall issue a Scheduling Order after the newly added defendants have been served with the complaint and have filed an answer or otherwise responded to the complaint. A discovery status conference will also be scheduled at that time.

**Pursuant to this Court's Local Rules, Plaintiff is responsible for notifying the Clerk of Court of any change in his address or other contact information.**

The Clerk is instructed to provide a copy of this Order to Plaintiff, any unrepresented party, and counsel of record.

**ENTERED:** October 16, 2014.

_____
Cheryl A. Eifert
United States Magistrate Judge