IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KENNETH CARTER,

           Plaintiff,

v.                          CIVIL ACTION NO.   3:14-25636

WESTERN REGIONAL JAIL,
CORRECTIONAL OFFICERS JOHN DOES,
CORRECTIONAL OFFICER GARY LAMBERT,
and CORRECTIONAL OFFICER MATTHEW BERLIN,

           Defendants.

**MEMORANUM OPINION AND ORDER**

On September 10, 2014, Plaintiff Kenneth Carter filed this action against Defendant Western Regional Jail (WRJ). In his Complaint, Plaintiff asserts his civil rights were violated because he was beaten by correctional officers and was denied medical treatment. Thereafter, the WRJ filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 9. At the time the motion was filed, Plaintiff Kenneth Carter was *pro se* and his Complaint was filed against the WRJ and John Doe Correctional Officers. Plaintiff did not file a response to the motion.[1] However, at a discovery status conference held on October 16, 2014, the Magistrate Judge granted Plaintiff's *pro se* oral motion to amend his complaint to add Correctional Officer Gary Lambert and Correctional Officer Matthew Berlin as Defendants. ECF No. 13.

---

[1] Plaintiff is now represented by counsel. However, counsel filed a Notice of Appearance long after the response period had expired. ECF No. 25.

In its motion, the WRJ argues the Complaint must be dismissed against it because it is entitled to immunity under the Eleventh Amendment to the United States Constitution. This Court repeatedly has held under similar circumstances that the WRJ and the West Virginia Regional Jail and Correctional Facility Authority (WVRJCFA) are entitled to immunity. In *Carroll v. West Virginia Regional Jail & Correctional Facility Authority*, No. 3:14-17012, 2015 WL 1395886 (S.D. W. Va. Mar. 25, 2015), this Court held "[i]t is well established that the WVRJCFA is an agency or 'arm of the state' that is protected by Eleventh Amendment Immunity." 2015 WL 1395886, at *2 (citing *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 728 F. Supp.2d 803, 818 (S.D. W. Va. 2010); *Roach v. Burke*, 825 F. Supp. 116, 117-18 (N.D. W. Va. 1993)). The Court further found that none of the three narrow exceptions to the application of immunity under the Eleventh Amendment applied. First, the Court found that suits brought under 42 U.S.C. § 1983 do not abrogate Eleventh Amendment immunity. *Id.* (quoting *Quern v. Jordan*, 440 U.S. 332, 341, 345 (1979)). Second, there is no evidence West Virginia waived its immunity. *Id.* (citing *Westinghouse Elec. Corp. v. W. Va. Dep't of Highways*, 845 F.2d 468, 470 (4th Cir. 1988)). Third, although "a state official may be sued in his official capacity for prospective relief pursuant to *Ex parte Young*, 209 U.S. 123 (1908)," the plaintiff sought money damages, therefore, this exception also did not apply. *Id.* Accordingly, this Court dismissed the claims against the WVRJCFA. *Id. See also Smith v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 3:12-7358, 2013 WL 3788399 (S.D. W. Va. July 18, 2013) (finding the WRJ and WVRJCFA are immune from suit)).

Similarly, none of these exceptions apply to the present case. Therefore, the Court **GRANTS** the Western Regional Jail's Motion to Dismiss and **DIRECTS** the Clerk of this Court

-3-

to terminate it as a party. The case shall proceed against Correctional Officers Berlin and Lambert.

        The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    June 11, 2015

        ROBERT C. CHAMBERS, CHIEF JUDGE